COMMONWEALTH OF MASSACHUSETTS

DISTRICT OF MASSACHUSETTS, ss.         U.S. DISTRICT COURT
                                       CIVIL ACTION NO. 05-CV-10812

BEVERLY PEARSON, AS ADMINISTRATOR )
OF THE ESTATE OF DONALD PEARSON;  )
AND FLORA SMART, AS PARENT AND    )
NEXT FRIEND OF ALICE SMART,       )
    Plaintiffs,                   )
                                  )
v.                                )
                                  )
GOUVERNEUR TALC COMPANY, INC., ET AL., )
    Defendants.                   )

## ANSWER OF THE DEFENDANT, GOUVERNEUR TALC COMPANY, INC., TO THE PLAINTIFFS' COMPLAINT

    Now comes the Defendant, Gouverneur Talc Company, Inc. (hereinafter referred to as "Gouverneur Talc"), and responds to the allegations contained in the Plaintiffs' Complaint paragraph by paragraph as follows:

1. **PARTY PLAINTIFF**

    The Defendant is without knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiffs' Complaint.

2. **PARTY DEFENDANTS**

    2A.-2D.    The Defendant is without knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraphs 2A through 2D of the Plaintiffs' Complaint.

    2E.    Denied.

    2F.-2G.    The Defendant is without knowledge or information sufficient to formulate a belief as to the truth of the allegations contained in paragraphs 2F through 2G of the Plaintiffs' Complaint.

    Gouverneur Talc Company, Inc. specifically denies that it is the successor to any of the Defendants in this action.

3.-8.     Denied.

## COUNT I

9.     Defendant incorporates herein its responses to paragraphs 1 and 8 as if fully written and set forth herein.

10.-15.     Denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## COUNT II

16.     Defendant incorporates herein its responses to Count I as if fully written and set forth herein.

17.-22.     Denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## COUNT III

23.     Defendant incorporates herein its responses to Count I and Count II as if fully written and set forth herein.

24.-29.     The allegations in these paragraphs relate to another Defendant; therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against Gouverneur are denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## COUNT IV

30.     Defendant incorporates herein its responses to Counts I-III as if fully written and set forth herein.

31-35.     The allegations in these paragraphs relate to another Defendant; therefore, no responsive pleading is required. Any allegations of wrongdoing which can be inferred against Gouverneur are denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## COUNT V

36.     Defendant incorporates herein its responses to Counts I-IV as if fully written and set forth herein.

37-38.     Denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## COUNT VI

39.     Defendant incorporates herein its responses to Counts I-V as if fully written and set forth herein.

40-45.     Denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## COUNT VII

46.     Defendant incorporates herein its responses to Counts I-VI as if fully written and set forth herein.

47-48.     Denied.

WHEREFORE, the Defendant requests that the Court deny Plaintiffs' request for relief.

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

This action was not commenced within the time required by law.

**THIRD DEFENSE**

If the plaintiff suffered damages as alleged in her complaint such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

**FOURTH DEFENSE**

The negligence of the plaintiff contributed to the injuries or damages alleged, and such negligence should reduce or bar the plaintiff's recovery.

**FIFTH DEFENSE**

The plaintiff failed to give proper notice as required by law, and the defendant was prejudiced thereby.

**SIXTH DEFENSE**

At the time of the alleged incident the plaintiff was guilty of a violation of law which contributed to the alleged incident.

**SEVENTH DEFENSE**

This defendant states that the Court lacks personal jurisdiction over the defendant pursuant to applicable statutes.

**EIGHTH DEFENSE**

This defendant states that the Court lacks subject matter jurisdiction over the causes of action alleged in plaintiff's complaint pursuant to applicable statutes.

**NINTH DEFENSE**

This defendant denies the applicability of the doctrine of strict liability in tort to this litigation.

## TENTH DEFENSE

The defendant states that the plaintiff(s) willingly, knowingly, and voluntarily assumed the risk of the alleged illnesses and injuries for which relief is sought in this matter.

## ELEVENTH DEFENSE

This defendant states that the plaintiff's claims against this defendant are barred because damages or losses experienced, if any, were not due to any act or failure to act of this defendant, but were caused solely by the acts of a third-party or parties for whose acts or failure to act this defendant is not responsible.

## TWELFTH DEFENSE

This defendant gave no warranties, express or implied, to the plaintiff(s) or to anyone acting on his/her behalf.

## THIRTEENTH DEFENSE

This defendant states that the plaintiff's claims based on allegations of express or implied warranty are barred for the reason that no sale of goods occurred within the meaning of the Uniform Commercial Code.

## FOURTEENTH DEFENSE

This defendant states that if any of the defendant's agents or servants made any express warranties (allegations which the defendant specifically denies) then the agents or servants of the defendant did so without authority, express or implied.

### FIFTEENTH DEFENSE

This defendant states that if the defendant, its agents or servants made any warranties, express or implied, (allegations which the defendant specifically denies) then the defendant denies that it breached any of the warranties.

### SIXTEENTH DEFENSE

This defendant states that if the defendant, its servants or agents made any express warranties (allegations which the defendant specifically denies) then the plaintiff(s) did not rely on the express warranties and further, there was no such reliance by any person or entity authorized to represent the plaintiff(s).

### SEVENTEENTH DEFENSE

This defendant states that the plaintiff(s) failed to give notice of the alleged breaches of warranties within a reasonable time as required by applicable statutes.

### EIGHTEENTH DEFENSE

The defendant states that the plaintiff's employer or employers were negligent with respect to the matters set forth in the complaint, that such negligence caused in whole or in part whatever disease, injury or disability, if any, which plaintiff(s) may have sustained, as set forth in the complaint, and that plaintiff(s) received workmen's compensation benefits from his/her employer or employers.

Therefore, even if plaintiff(s) is entitled to recover against the defendant, which defendant specifically denies, he/she is not entitled to recover in the amount set forth in the complaint because defendant is entitled to a set off of the aforesaid workmen's compensation payments against any judgment which might be rendered in the plaintiff's favor.

**NINETEENTH DEFENSE**

This defendant states that the plaintiff's exclusive remedy is either under the Longshoremen's and Harbor Workers' Compensation Act, or the Workmen's Compensation Act, wherefore, the plaintiff(s) is barred from recovery in this action.

**TWENTIETH DEFENSE**

This defendant states that the plaintiff's claims are barred by estoppel or waiver.

**TWENTY-FIRST DEFENSE**

This defendant denies that any product installed by this defendant caused any injury to the plaintiff(s).

**TWENTY-SECOND DEFENSE**

This defendant denies that there was any defect or negligent mining, processing, manufacture, design, testing, investigation, fashioning, packaging, distributing, delivery and/or sale, in any asbestos product or material referred to in the plaintiff's complaint, but if there was any defect or negligence as alleged, then the defendant is not liable as it justifiably relied upon inspection by others in the regular course of trade and business.

**TWENTY-THIRD DEFENSE**

The defendant states that at all times and places mentioned in the Complaint, the plaintiff(s) and/or other persons without this defendant's knowledge and approval redesigned, modified, altered and used this defendant's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product, which the defendant specifically denies, such defect resulted solely from redesign, modification, alteration, or other such treatment or change and

7

not from any act or omission by the defendant. Therefore, said defect, if any, was created by the plaintiff(s) and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any that the plaintiff(s) allegedly suffered.

### TWENTY-FOURTH DEFENSE

The defendant states that at all times and places mentioned in the Complaint, the plaintiff(s) and/or other persons used this answering defendant's products, if indeed any were used, in an unreasonable manner, not reasonably foreseeable to this defendant, and for a purpose for which the products were not intended, manufactured, or designed; plaintiff's injuries and damages, if any, were directly and proximately caused by said misuse and abuse, and plaintiff's recovery herein, if any, is barred or must be diminished in proportion to the fault attributable to the plaintiff(s) and/or such other parties and persons.

### TWENTY-FIFTH DEFENSE

The defendant states that if it supplied any asbestos product, either directly or indirectly, to the plaintiff's employer, this product was supplied in accordance with specifications established and promulgated by that employer, agencies or departments of the United States of America, other persons and/or entities.

### TWENTY-SIXTH DEFENSE

This defendant states that any asbestos containing products manufactured and sold by this defendant which give rise to plaintiff's claims herein were designed and manufactured pursuant to and in accordance with specifications mandated by the United States Government or its agencies. The knowledge of the United States Government and its agencies of any possible health hazards from use of such products was equal or superior to that of this defendant, and by reason thereof, this

defendant is entitled to such immunity from liability as exists in favor of the United States Government or its agencies.

### TWENTY-SEVENTH DEFENSE

This defendant states that at all relevant times hereto, the state of medical and scientific knowledge and the state of the art of the design and manufacture of asbestos-containing products was such that the defendant neither knew nor should have known that its products presented a significant risk of harm to the plaintiff(s).

### TWENTY-EIGHTH DEFENSE

This defendant states that the plaintiff(s) have failed to mitigate damages and are, therefore, barred from recovery.

### TWENTY-NINTH DEFENSE

This defendant states that if the plaintiff/decedent was a user of tobacco products, such use contributed to any lung disease from which the plaintiff/decedent suffered and further answering, the defendant states that the tobacco industry placed warnings on its products notifying the public of potential hazards associated with its use, which hazards, the plaintiff/decedent knew or should have known, may have adversely affected his health.

### THIRTIETH DEFENSE

This defendant states that the alleged injury or damage sustained as a result of the occupation of the plaintiff was an occupational disease and accordingly defendant is not liable or responsible for any occupational disease which was suffered or sustained by plaintiff(s) in the course of his/her employment over a number of years.

**THIRTY-FIRST DEFENSE**

This defendant states that the utility of the products manufactured by this defendant outweigh the danger allegedly involved, and therefore, the plaintiff's claims are barred as a matter of public policy.

**THIRTY-SECOND DEFENSE**

This defendant states that since the plaintiff(s) is unable to identify the supplier of the asbestos which allegedly caused him/her injury, he/she fails to state a cause of action upon which relief can be granted, since, if such relief was granted, it would contravene this defendant's constitutional rights to substantive and procedural due process of law as preserved by the 14th Amendment to the United States Constitution and by the applicable provision of the State Constitution and would contravene defendant's constitutional rights to protection against the taking of property for public use without just compensation as preserved by the aforesaid constitutional provisions.

**THIRTY-THIRD DEFENSE**

This defendant states that the complaint fails to state a claim upon which relief can be granted to the extent that it seeks punitive or exemplary damages, which are not recoverable under applicable law.

**THIRTY-FOURTH DEFENSE**

This defendant states that an award of punitive damages against any of the defendants in these cases would be unconstitutional and in violation of the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, and the Massachusetts Declaration of Rights.

## THIRTY-FIFTH DEFENSE

This defendant states that there was no negligence, gross negligence, willful, wanton, or malicious misconduct, reckless indifference or reckless disregard of the rights of the plaintiff(s), or malice (actual, legal or otherwise) on the part of this defendant as to the plaintiff(s) herein.

## THIRTY-SIXTH DEFENSE

This defendant states that any exposure of the plaintiff(s) to this defendant's product or products, which exposure the defendant vigorously denies, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused his/her claimed injuries and illness.

## THIRTY-SEVENTH DEFENSE

This defendant states that the plaintiff(s) is guilty of laches in bringing this action and is therefore barred from recovery.

## THIRTY-EIGHTH DEFENSE

The defendant denies that it manufactured, sold, and/or distributed asbestos-containing products.

## THIRTY-NINTH DEFENSE

This defendant denies that it is the successor to any of the defendants in this matter.

WHEREFORE, the Defendant prays that this Court:

a.   Enter judgment for the defendant, dismissing all claims;

b.   Award the defendant costs, expenses and attorneys' fees; and

c.   Grant such further relief as the Court may deem just.

## JURY CLAIM

Gouverneur Talc Company, Inc. requests a trial by jury as to all issues so triable.

Respectfully submitted,

GOUVERNEUR TALC COMPANY, INC.,
By its attorneys,

*/s/ John R. Felice*
Judith A. Perritano, BBO# 553084
John R. Felice, BBO# 644517
PIERCE, DAVIS & PERRITANO, LLP
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the attorney of record for each party by LexisNexis on ___12/28___, 2005.

*/s/ John R. Felice*
John R. Felice